MAX SÁNCHEZ, demandante y recurrente, *v.* VÍCTOR MANUEL COLÓN ET AL., demandados y recurridos.

*Número:* R-65-219     *Resuelto:* 27 de junio de 1969

*Ramón A. Gadea Picó, Ramón E. Bauzá Iguera, José A. Hernández Colón* y *Juan G. Riera Toro,* abogados del recurrente;

*José Guillermo Vivas, Jorge Lucas* y *P. Valdivieso, Jr.*, abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

En 7 de marzo de 1962 el recurrente interpuso demanda contra los deudores Víctor Manuel Colón y su esposa Edil Ortiz Cintrón en cobro de un pagaré hipotecario otorgado por éstos a favor del tenedor o portador por endoso, por el monto de $6,000 y rebajado su principal a la fecha de la demanda a $5,000. Reclamó intereses desde el 22 de enero de 1960. El recurrente alegó ser dueño y tenedor de dicho pagaré emitido el 10 de mayo de 1958 y a vencer el 10 de mayo de 1959, el cual, al tiempo de interponerse la demanda, estaba garantizado con hipoteca sobre tres fincas rústicas de 7.91, 5 y 20 cuerdas propiedad, según el Registro, de los deudores hipotecantes esposos Colón-Ortiz.

Se incluyeron como partes demandadas a Carmen Figueroa y a María Negrón Rodríguez, por figurar en el Registro inscrita a su favor una anotación de *lis pendens* procedente del caso Civil 60-2328 iniciado en el Tribunal Superior, Sala de Ponce, el 2 de septiembre de 1960, con posterioridad al otorgamiento de la hipoteca y su inscripción. Se hizo parte demandada a Ochoa Fertilizer Co. por tener anotado un embargo con posterioridad a la inscripción de la hipoteca. La demandada María Negrón Rodríguez fue posteriormente sustituida a su muerte por sus herederos María, Epifania y María Esperanza, Rodríguez Negrón.

Los deudores hipotecantes no contestaron la demanda y se anotó su rebeldía. Carmen Figueroa y María Negrón contestaron y alegaron que el título de los deudores hipotecantes sobre las fincas era fraudulento e inexistente, y que por lo tanto era inexistente la hipoteca constituida en garantía del pagaré que se cobraba.

Antes de resolverse este caso y dictarse la sentencia aquí recurrida, en 17 de febrero de 1964 la Sala de Ponce del

Tribunal Superior resolvió el caso 60-2328 y anuló y declaró inexistente por sentencia final y firme el título de propiedad de los deudores hipotecantes sobre las tres referidas fincas hipotecadas por ellos; dispuso que las mismas pertenecían a los causahabientes de María Negrón y decretó la cancelación de la hipoteca constituida por el deudor Víctor M. Colón y su esposa sobre las referidas fincas en garantía del mencionado pagaré.

Conforme a lo anteriormente expuesto, y no habiendo los deudores negado la deuda, este pleito puedó limitado a determinar si (1) el demandante Max Sánchez era o no un tercero hipotecario protegido por el Registro contra la anulación del título de los deudores; y (2) a determinar su posición como tenedor del pagaré a tenor de las disposiciones que reglamentan los documentos negociables, Ley Uniforme de Instrumentos Negociables de 1930.

La sentencia recurrida declaró sin lugar la demanda. En lo que respecta a la posición del demandante a la luz del derecho que rige los documentos negociables, concluyó la Sala sentenciadora como *cuestión de hecho* que el demandante adquirió la obligación con posterioridad a su fecha de vencimiento, el 10 de mayo de 1959. Se basó la Sala en las expresiones bajo juramento del propio demandante, la primera vez al radicar su declaración jurada a los efectos de que se dictara sentencia en sumaria, en donde declaró bajo juramento haber adquirido el pagaré por endoso en blanco que le hicieran los esposos Carlos Santiago Burgos y Angelina Roche; la segunda vez al contestar bajo juramento un interrogatorio en que expresamente dijo haber recibido el pagaré el 22 de enero de 1960, y en sus alegaciones bajo juramento reclamando intereses sobre la deuda también desde el 22 de enero de 1960.

No obstante lo anteriormente dicho, durante el juicio el demandante cambió su posición y manifestó haber adquirido el pagaré desde que fuera emitido por los deudores. No dio

explicación alguna en cuanto a sus declaraciones anteriores en contrario, y trató de hacer ver que había recibido el pagaré en enero 22 de 1960 endosado por Santiago Burgos solo en un acto de devolución porque él le había entregado el pagaré a Santiago Burgos con el único fin de que éste pudiera liberar parcialmente del crédito hipotecario una de las propiedades que garantizaban la hipoteca. La Sala sentenciadora no dio crédito a esta versión del demandante y estuvo justificada en no darle crédito a la luz del resto de la prueba.

En 22 de enero de 1960, se liberó efectivamente una de las propiedades gravadas con la hipoteca que respondía de $1,000. No comparecieron en la escritura el demandante, supuesto dueño y tenedor del pagaré para el acto de liberación, sino que compareció Santiago Burgos y comparecieron los deudores. El deudor Colón dijo en ese documento que Burgos era el endosatario y tenedor del pagaré "por valor recibido". (Exh. 2 del Demandante.)

Aunque Santiago Burgos interesara adquirir esa propiedad, lo usual en ese caso hubiera sido que compareciera el demandante, alegado tenedor del pagaré, a hacer la liberación y a recibir los $1,000. La escritura de liberación dice que los $1,000 se habían pagado ya con anterioridad a ese acto al deudor Colón, y no a Sánchez como manifestó éste en su declaración en corte.

Santiago Burgos negó en corte haber sido el tenedor de dicha obligación en momento alguno y dijo que le fue entregada sólo para ese acto de liberación. No dijo que se la hubiera entregado el demandante. Declaró también Burgos que en esta transacción de liberación el demandante tomó parte activa y de hecho fue con él con quien realizó los trámites para ese acto y para la adquisición de la propiedad.

Concluyó la Sala sentenciadora como *cuestión de hecho* que el pagaré fue retenido por los propios deudores en su poder hasta después de su vencimiento y hasta ese día. Esta

conclusión está ampliamente sostenida por la prueba en autos. (¹)

■ Sostenida cabalmente la conclusión de la Sala sentenciadora de que el demandante Sánchez advino en poder del pagaré transmisible mediante endoso con posterioridad a su vencimiento, como cuestión de derecho se le aplican al demandante las disposiciones de los Arts. 405 y 411 del Código de Comercio, ed. 1932, que lo sujetan a él a las mismas defensas del documento no negociable.

■ El recurrente sostiene que en su caso no se aplican dichas disposiciones y sí el Art. 34 de la Ley Hipotecaria que lo protege como un tercero. Desde el punto de vista de las páginas del Registro, el demandante resulta ser un tercero en tanto en cuanto de la inscripción de la hipoteca no surgían en el Registro ni los vicios ni la inexistencia del título de propiedad del deudor hipotecante. Pero ese solo hecho no le da la protección hipotecaria que invoca. Hay que adicionarle su estado de buena fe civil. Se ha dicho en la doctrina hipotecaria española y en la nuestra que ese estado es aquel que demuestra que el posterior adquirente no tenía conocimiento fuera del Registro de la *disconformidad* de los hechos entre lo que aparece del Registro y lo que pudiera ser la realidad. Hemos examinado detenidamente la evidencia y al igual que la Sala sentenciadora debemos llegar a la conclusión que el demandante sabía de esta disconformidad en cuanto al título del deudor hipotecante entre lo que aparecía del Registro y lo que era la realidad. El demandante y el deudor hipotecante estaban en íntimas relaciones comerciales durante todo el tiempo. El demandante le suplía a aquél dinero para sus transacciones. El récord indica que a veces pudo haber hecho transacciones suyas a través del deudor Colón. Aún después de radicarse este pleito en que demandó a Colón, siguió reali-

---

(¹) En la sentencia dictada en el caso 60-2328 otro magistrado del tribunal, a la luz de la prueba que tuvo ante sí, concluyó de igual manera que este pagaré estaba en.posesión del deudor Colón al resolverse ese caso.

zando negocios con él, y con Colón organizó una corporación de la cual el demandante era el principal accionista.

■ Pero más específicamente en lo que se relaciona a las fincas hipotecadas sobre las cuales el título del deudor hipotecante fue anulado por sentencia firme, hay prueba indisputable que indica que el demandante sabía que el deudor no tenía título legítimo sobre esas propiedades. Fue precisamente una expresión del demandante sobre ese extremo lo que puso en guardia a la Srta. Negrón, dueña de las propiedades, y la llevó a hacer las averiguaciones que culminaron en la radicación del pleito que anuló el título del deudor hipotecante. Aun cuando no aplicáramos en este caso las disposiciones relativas a instrumentos negociables, la sentencia recurrida debe sostenerse ya que el demandante no es el tercero hipotecario protegido contra la disolución posterior del título de la persona de quien él adquirió, según reza el Art. 34 de la Ley Hipotecaria, por no ser él ignorante de la *disconformidad* entre el Registro y la realidad.

En la sentencia dictada en el caso 60-2328 el tribunal había ordenado la cancelación de la hipoteca. Tal dictamen en ese caso no obligaba al aquí demandante recurrente por cuanto él no fue allí parte. En este caso procede que se haga tal disposición por cuanto el demandante, como alegado tenedor y dueño del pagaré hipotecario, fue oído.

*Por los fundamentos anteriormente dichos, se dictará sentencia confirmando la que dictó la Sala de Ponce del Tribunal Superior en 2 de septiembre de 1965 que declaró sin lugar la demanda de cobro de pagaré hipotecario y que ordenó la cancelación en el Registro de la hipoteca que lo garantizó.*

Los Jueces Asociados Señores Hernández Matos, Blanco Lugo y Ramírez Bages, no intervinieron.